# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| TIMOTHY W. ST. CLAIR, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) Civil Action No. 7:13cv00571 |
| v. | ) |
| | ) |
| CAROLYN W. COLVIN, | ) By:  Michael F. Urbanski |
| Commissioner of Social Security, | )       United States District Judge |
| | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION

This social security disability appeal was referred to the Honorable Robert S. Ballou, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition. The magistrate judge filed a report and recommendation on August 11, 2015, recommending that plaintiff's motion for summary judgment be denied, the Commissioner's motion for summary judgment be granted and the Commissioner's final decision be affirmed. Plaintiff Timothy W. St. Clair has filed objections to the report, the Commissioner has responded, and this matter is now ripe for the court's consideration.

### I.

Rule 72(b) of the Federal Rules of Civil Procedure permits a party to "serve and file specific, written objections" to a magistrate judge's proposed findings and recommendations within fourteen days of being served with a copy of the report. See also 28 U.S.C. § 636(b)(1). The Fourth Circuit has held that an objecting party must do so "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir.), cert denied, 127 S. Ct. 3032 (2007).

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that

> was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

Id. The district court must determine de novo any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); accord 28 U.S.C. § 636(b)(1).

If, however, a party "'makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations,'" de novo review is not required. Diprospero v. Colvin, No. 5:13-cv-00088-FDW-DSC, 2014 WL 1669806, at *1 (W.D.N.C. Apr. 28, 2014) (quoting Howard Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997) (quoting Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982))). "The court will not consider those objections by the plaintiff that are merely conclusory or attempt to object to the entirety of the Report, without focusing the court's attention on specific errors therein." Camper v. Comm'r of Soc. Sec., No. 4:08cv69, 2009 WL 9044111, at *2 (E.D. Va. May 6, 2009), aff'd, 373 F. App'x 346 (4th Cir.), cert. denied, 131 S. Ct. 610 (2010); see Midgette, 478 F.3d at 621 ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only '*those portions* of the report or *specified* proposed findings or recommendations *to which objection is made*.'"). Such general objections "have the same effect as a failure to object, or as a waiver of such objection." Moon v. BWX Technologies, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), aff'd, 498 F.

2

App'x 268 (4th Cir. 2012); see also Thomas v. Arn, 474 U.S. 140, 154 (1985) ("[T]he statute does not require the judge to review an issue de novo if no objections are filed").

Additionally, objections that simply reiterate arguments raised before the magistrate judge are considered to be general objections to the entirety of the report and recommendation. See Veney v. Astrue, 539 F. Supp. 2d 841, 844-45 (W.D. Va. 2008). As the court noted in Veney:

> Allowing a litigant to obtain de novo review of h[is] entire case by merely reformatting an earlier brief as an objection "mak[es] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." Howard [v. Sec'y of Health & Human Servs.], 932 F.2d [505,] [] 509 [(6th Cir. 1991)].

539 F. Supp. 2d at 846. A plaintiff who reiterates his previously-raised arguments will not be given "the second bite at the apple []he seeks;" instead, his re-filed brief will be treated as a general objection, which has the same effect as would a failure to object. Id.

## II.[1]

In this mental impairments case, St. Clair objects to each of the magistrate judge's conclusions as to the arguments he raised on summary judgment—that the Administrative Law Judge (ALJ) had no duty to recontact consulting psychologist Dr. Gardner, that the ALJ properly assessed St. Clair's mental impairments according to the provisions of Social Security Ruling 96-8p, that the ALJ properly accounted for St. Clair's moderate limitations in concentration, persistence and pace in the hypothetical posed to the vocational expert, and that the ALJ properly evaluated St. Clair's credibility. Taking the report and recommendation section by section, St. Clair contends that each of these findings by the magistrate judge is erroneous.

---

[1] Detailed facts about St. Clair's impairments and medical and procedural history can be found in the report and recommendation (ECF No. 28) and in the administrative transcript (ECF No. 9). As such, they will not be repeated here.

3

The Commissioner asserts in response that St. Clair raised the same arguments in his summary judgment brief, which the magistrate judge "already properly rejected in his factually thorough and legally sound Report and Recommendation." Def.'s Resp., ECF No. 30, at 1. The Commissioner is largely correct – St. Clair's objections essentially reiterate arguments previously raised, which were addressed in detail by the magistrate judge. Such general and conclusory objections do not warrant de novo review. Veney, 539 F. Supp. 2d at 844-46.

To the limited extent St. Clair objects to specific findings in the report, however, the court has reviewed de novo those portions of the report and, for the reasons set forth herein, overrules his objections.

## A.

St. Clair's first objection is to the magistrate judge's determination that the ALJ had no duty to recontact Dr. Gardner. Dr. Gardner performed a consultative psychological examination of St. Clair on September 12, 2012. Dr. Gardner opined, in relevant part, that St. Clair has moderate limitations in concentration, persistence and pace and in social interaction with supervisors and the general public. (Administrative Record, hereinafter "R." 430.) Dr. Gardner found that, despite those limitations, St. Clair "is able to perform simple and repetitive tasks and maintain regular attendance in the workplace." (R. 430.) On summary judgment, St. Clair argued: "These conclusions appear to be in conflict with [Dr. Gardner's] statements regarding plaintiff's prognosis and history of multiple head traumas and his personality traits that are likely refractory to psychological treatment." Pl.'s Summ. J. Br., ECF No. 18, at 12. St. Clair asserted that the ALJ had a duty under 20 C.F.R. § 416.920b(c)(1)[2] to recontact Dr. Gardner and resolve these inconsistencies, and she failed to do so.

---

[2] Section 416.920b(c)(1) provides that in the event evidence is insufficient or inconsistent, the Commissioner may recontact a claimant's treating physician, psychologist, or other medical source.

4

The magistrate judge correctly noted in his report, however, that St. Clair's argument "simply amounts to a disagreement with Dr. Gardner's conclusions." Report & Recommendation, ECF No. 28, at 8. In his objections, St. Clair asserts the magistrate judge erred in determining there is no conflict between Dr. Gardner's findings and his conclusions,[3] arguing:

> The ability to perform work activities and the ability to stay on task are separate and distinct. Dr. Gardner does not specifically address the impact of plaintiff's moderate impairment of concentration in his findings. Instead, he makes the statement that concentration is moderately impaired but does not follow-up with an explanation of the impact upon plaintiff's residual functional capacity. (R. 430).

Pl.'s Obj., ECF No. 29, at 1-2. St. Clair contends such "inconsistencies" and "ambiguities" trigger the ALJ's duty under § 416.920b(c)(1). There are no inconsistencies or ambiguities here. Dr. Gardner plainly opined that St. Clair could perform simple and repetitive tasks and maintain regular attendance in the workplace in spite of his moderate impairment in concentration. (R. 430.) In support of this opinion, Dr. Gardner referenced the following findings upon examination:

> The claimant did not appear at any time during his 75 minute interview to be distracted by or attending to any internal stimulation. Whatever hallucinations that he may have may result from head injuries suffered as a professional boxer and kick boxer. He performed rather well on his tests of cognitive functioning. He described his programming of his cell phone for reminding him to take his medications as he did during his interview. He appears to have adequate executive functioning to perform simple and non complex work tasks. He was able to accept all instructions given by this examiner and to respond appropriately. . . .

(R. 430.) Dr. Gardner's opinion as to St. Clair's functional capacity is amply supported by these and the other findings set forth in his report. St. Clair's disagreement with Dr. Gardner's opinion as to his functional capacity does not require the ALJ to recontact the consulting psychologist, and the court finds no inconsistencies or ambiguities in Dr. Gardner's report that might trigger such a duty.

---

[3] It is noted that St. Clair raised a version of this same argument on summary judgment, stating on brief: "It is anticipated that the Commissioner will argue that the ALJ did not need to contact the ALJ for clarification because the evidence was not inconsistent. This argument is in error." Pl.'s Summ. J. Br., ECF No. 18, at 12.

Indeed, as the magistrate points out and the ALJ recognized (R. 33), Dr. Gardner's opinion is consistent with that of the reviewing state agency physicians. (R. 82, 100.) As such, St. Clair's objection is overruled.

B.

St. Clair next objects to the magistrate judge's conclusion that the ALJ properly evaluated his mental impairments. Specifically, St. Clair asserts:

> The Report and Recommendation erroneously concludes that because the consultative examiner, Dr. Marvin Gardner and the state agency physicians opined that despite his moderate impairment with concentration, persistence and pace, plaintiff could perform simple repetitive tasks, the ALJ satisfied the requirements of [Social Security Ruling] 96-8p and differed from the ALJ's findings in Mascio [v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015)]. (Dkt. # 28, p. 15).

Pl.'s Obj., ECF No. 29, at 2. In so arguing, St. Clair ignores the previous five pages of the magistrate judge's report, which explain in detail the requirements of SSR 96-8p and how the ALJ satisfied those requirements. See Report & Recommendation, ECF No. 28, 10-15. It was not simply the ALJ's reference to the opinion evidence that led the magistrate judge to conclude the ALJ complied with SSR 96-8p; it was the ALJ's detailed description of the evidence concerning St. Clair's mental impairments at steps four and five of the sequential evaluation process:

> Here the ALJ considered medical and non-medical evidence in assessing St. Clair's RFC and provided the narrative discussion required by the regulations. The ALJ discussed St. Clair's testimony with regard to his mental limitations and his symptoms of racing thoughts, mood swings and hallucinations. R. 30. The ALJ reviewed St. Clair's mental health treatment records in detail, and noted "[w]hile the claimant had moments where he alleged hallucinations, mood swings and severe mental dysfunction, this was attributed entirely to the claimant not taking his medication (Exhibits 5F & 18F). Conversely, when the claimant took his medications as prescribed, he reported dramatically diminished symptoms and saw improvement in his overall GAF score (Exhibits 5F & 18F)." R. 31.
>
> The ALJ next considered the three opinions in the record regarding St. Clair's mental conditions, and reviewed their findings in detail. R. 32–33. The ALJ appropriately noted that no treating source

6

> issued an opinion that reached a different conclusion. R. 33. Based upon the three opinions that were all in agreement, and Dr. Gardner's findings upon mental examination of St. Clair, the ALJ arrived at her RFC determination. R. 33.
>
> The ALJ did not "simply limit plaintiff to unskilled work without more discussion and analysis." Pl. Br. Summ. J. p. 15. Rather, the ALJ did exactly what SSR 96-8p directs by addressing the nature and extent of St. Clair's mental limitations and determining the RFC on the basis of a thorough review of the evidence of record. See Maner v. Colvin, No. CA 1:12-2969-RBH, 2014 WL 4656383, at *15 (D.S.C. Sept. 17, 2014); Paschall v. Astrue, No. 5:10-CV-161-FL, 2011 WL 1750757 at *9 (E.D.N.C. May 6, 2011). Consequently, I find that St. Clair's assertion that the ALJ's opinion should be more "specific" and "detailed" is unsupported by this record and the case law.

Report & Recommendation, ECF No. 28, at 10. The court finds no error in the magistrate judge's consideration of this issue. The ALJ's decision contains a detailed review and thorough analysis of the evidence concerning St. Clair's mental impairments at steps four and five. (R. 30-33.)

St. Clair further argues the magistrate judge erroneously concluded the ALJ properly accounted for his limitations in concentration, persistence and pace in her residual functional capacity assessment and in the hypothetical posed to the vocational expert at the administrative hearing. St. Clair contends the magistrate judge erred in concluding that "because the consultative examiner and the state agency physicians found that plaintiff can perform work with simple instructions, the ALJ properly accounted for plaintiff's moderate limitations in concentration persistence and pace," and concluding that "the ability to perform simple unskilled work [is] the same as the ability to stay on task." Pl.'s Obj., ECF No. 29, at 3. In support of this objection, St. Clair cites to Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015),[4] Wiederholdt v. Barnhart, 121 F. App'x 833, 839 (10th Cir. 2005), and Sexton v. Colvin, 21 F. Supp. 3d 639, 642-43 (W.D. Va. 2014). All three of these cases are cited by the magistrate judge in a very thorough and thoughtful

---

[4] The decision in Mascio was issued on March 18, 2015, two days after counsel presented oral argument in the instant case. The magistrate judge gave the parties leave to file supplemental briefs addressing the impact of the Mascio decision. ECF No. 25. Both parties elected to do so. ECF Nos. 26 & 27.

7

discussion of this argument, which St. Clair previously raised in his supplemental summary judgment brief. Pl.'s Suppl. Summ. J. Br., ECF No. 27, at 3.

St. Clair is correct that in Mascio, the Fourth Circuit agreed with other circuits that have held "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (citing Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011)). But the real problem in Mascio was the lack of explanation given by the ALJ. The Fourth Circuit stated:

> Perhaps the ALJ can explain why Mascio's moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation in Mascio's residual functional capacity. For example, the ALJ may find that the concentration, persistence, or pace limitation does not affect Mascio's ability to work, in which case it would have been appropriate to exclude it from the hypothetical tendered to the vocational expert. See [Winschel, 631 F.3d] at 1181. But because the ALJ here gave no explanation, a remand is in order.

780 F.3d at 638. The Winschel case, on which Mascio relies, recognized that "when medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations." 631 F.3d at 1180 (citing Simila v. Astrue, 573 F.3d 503, 521–22 (7th Cir. 2009); Stubbs–Danielson v. Astrue, 539 F.3d 1169, 1173–76 (9th Cir. 2008); Howard v. Massanari, 255 F.3d 577, 582 (8th Cir. 2001)). The Winschel court went on to state:

> Additionally, other circuits have held that hypothetical questions adequately account for a claimant's limitations in concentration, persistence, and pace when the questions otherwise implicitly account for these limitations. See White v. Comm'r of Soc. Sec., 572 F.3d 272, 288 (6th Cir. 2009) (concluding that the ALJ's reference to a moderate limitation in maintaining "attention and concentration" sufficiently represented the claimant's limitations in concentration, persistence, and pace); Thomas v. Barnhart, 278 F.3d 947, 956 (9th Cir. 2002) (concluding that the hypothetical question adequately incorporated the claimant's limitations in concentration, persistence,

8

and pace when the ALJ instructed the vocational expert to credit fully medical testimony related to those limitations).

In this case, the ALJ determined at step two that Winschel's mental impairments caused a moderate limitation in maintaining concentration, persistence, and pace. But the ALJ did not indicate that medical evidence suggested Winschel's ability to work was unaffected by this limitation, nor did he otherwise implicitly account for the limitation in the hypothetical. Consequently, the ALJ should have explicitly included the limitation in his hypothetical question to the vocational expert.

631 F.3d at 1180-81.

Based on this case law, the magistrate judge aptly reasoned in the instant case:

> Mascio does not broadly dictate that a claimant's moderate impairment in concentration, persistence, or pace always translates into a limitation in the [residual functional capacity]. Rather, Mascio underscores the ALJ's duty to adequately review the evidence and explain the decision, especially where, as the ALJ held in Mascio, a claimant's concentration, persistence or pace limitation does not affect the ability to perform simple, unskilled work. The ALJ has the responsibility to address the evidence of record that supports that conclusion.

Report & Recommendation, ECF No. 28, at 13. Following a detailed analysis, the magistrate judge reached the determination that, "[a]mple evidence supports the ALJ's conclusion that St. Clair is capable of understanding, remembering and carrying out simple instructions in repetitive, unskilled work." Id. at 15. The magistrate judge cited to the opinions of Drs. Bockner, Leizer, and Gardner, all of whom

> concluded that despite his moderate impairment with concentration, persistence and pace, St. Clair was capable of understanding and remembering simple instructions and repetitive tasks, and was capable of completing a workday and workweek. R. 82–83, 99–101, 425–31. Dr. Gardner specifically tested St. Clair's concentration, and determined that St. Clair was able to count by twos up to twenty in eleven seconds with no errors and to count backwards by twos from twenty in two seconds [sic] with no errors. R. 429. He was able to complete serial threes in one minute with four errors and to complete serial sevens in one minute and forty seconds with two errors. Id. Dr. Gardner concluded that those test results evidenced a moderate impairment in concentration, but that St. Clair can perform simple

9

and repetitive tasks, maintain regular attendance, has adequate executive functioning to perform simple and non complex work tasks, and was able to focus on questions and respond appropriately. R. 430. There is no evidence in the record that suggests that St. Clair's moderate impairment with concentration, persistence or pace would prevent him from completing a normal workday or workweek without interruption or completing work activities on a consistent basis. See Claiborne v. Comm'r, No. SAG-14-1918, 2015 WL 2062184, at *3 (D. Md. May 1, 2015) (citing Dean v. Comm'r, No. SAG-14-1127, 2015 WL 1431548, at *1–2 (D. Md. Mar. 26, 2015) (ALJ appropriately limited claimant to simple, repetitive, routine tasks where claimant remained persistent throughout the mental functioning testing process and was able to sustain attention).

Thus, this is not a situation like Mascio, where the ALJ summarily concluded that a limitation of simple, unskilled work accounts for a claimant's moderate impairment in concentration, persistence and pace with no further analysis or consideration. Rather, the medical evidence overwhelmingly supports the conclusion that despite his moderate limitation in concentration, persistence or pace, St. Clair is capable of performing the basic mental demands of simple, repetitive, unskilled work.

Report & Recommendation, ECF No. 28, at 15-16. The court agrees.

St. Clair continues to insist that "Dr. Gardner's opinion regarding concentration, persistence, and pace is separate from his opinion that plaintiff is mentally capable of performing simple and repetitive tasks," therein discounting the magistrate judge's reliance on this opinion evidence as support for the ALJ's decision. St. Clair attempts to distinguish the facts of this case from those in Howard v. Massanari, 255 F.3d 577, 582 (8th Cir. 2001), a case discussed by the magistrate judge in his report. See Report & Recommendation, ECF No. 28, at 14, 15. In Howard, the court held that "the ALJ's hypothetical concerning someone who is capable of doing simple, repetitive, routine tasks adequately captures Howard's deficiencies in concentration, persistence or pace," in light of opinion evidence which described Howard "as being 'able to sustain sufficient concentration and attention to perform at least simple, repetitive, and routine cognitive activity without severe restriction of function.'" 255 F.3d at 582. St. Clair argues Dr. Gardner did not make such explicit findings in this case. As previously discussed, however, Dr. Gardner plainly opines that St. Clair is

10

able to "perform simple and repetitive tasks and maintain regular attendance in the work place," in spite of his "moderate impairment of concentration." (R. 430.) The findings in Dr. Gardner's report sufficiently support this opinion, which is in line with the opinions of the reviewing state agency psychologists. St. Clair's attempt to distinguish this case from Howard falls short.

In his report, the magistrate judge thoroughly evaluated St. Clair's arguments concerning his mental impairments. Considering the record as a whole, substantial evidence supports the ALJ's determination that St. Clair "is able to understand, remember, and carry out simple instructions in repetitive, unskilled work that involve[s] no interaction with the general public and no more than occasional interaction with coworkers and supervisors" and that he "retains the ability to respond appropriately to supervision, coworkers, and usual work situations," despite his mental limitations. (R. 28.)

## C.

Finally, St. Clair objects to the magistrate judge's conclusion that the ALJ's credibility findings are supported by substantial evidence. The arguments raised in St. Clair's objections are duplicative of those raised in his summary judgment and supplemental summary judgment briefs, and those arguments were thoroughly evaluated by the magistrate judge in his report. See Pl.'s Summ. J. Br., ECF No. 18, at 17-18; Pl.'s Suppl. Summ. J. Br., ECF No. 27, at 4-5; Report & Recommendation, ECF No. 28, at 17-19; Pl.'s Obj., ECF No. 29, at 6-7. Such general objections do not warrant de novo review by the court.

In any event, it is plain that the ALJ conducted a proper credibility analysis in this case and sufficiently explained her reasons for finding St. Clair's allegations as to his degree of functional limitation not to be fully credible. (R. 28-33.) Credibility determinations are emphatically the province of the ALJ, not the court, and courts normally should not interfere with these determinations. See, e.g., Chafin v. Shalala, No. 92–1847, 1993 WL 329980, at *2 (4th Cir. Aug. 31,

11

1993) (per curiam) (citing Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) and Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964)); Melvin v. Astrue, 6:06 CV 00032, 2007 WL 1960600, at *1 (W.D. Va. July 5, 2007) (citing Hatcher v. Sec'y of Health & Human Servs., 898 F.2d 21, 23 (4th Cir. 1989)).

### III.

At the end of the day, it is not the province of a federal court to make administrative disability decisions. Rather, judicial review of disability cases is limited to determining whether substantial evidence supports the Commissioner's conclusion that the plaintiff failed to meet his burden of proving disability. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). To that end, the court may neither undertake a de novo review of the Commissioner's decision nor re-weigh the evidence of record. Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992). Evidence is substantial when, considering the record as a whole, it might be deemed adequate to support a conclusion by a reasonable mind, Richardson v. Perales, 402 U.S. 389, 401 (1971), or when it would be sufficient to refuse a directed verdict in a jury trial. Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). Substantial evidence is not a "large or considerable amount of evidence," Pierce v. Underwood, 487 U.S. 552, 565 (1988), but is more than a mere scintilla and somewhat less than a preponderance. Perales, 402 U.S. at 401; Laws, 368 F.2d at 642. If the Commissioner's decision is supported by substantial evidence, it must be affirmed. 42 U.S.C. § 405(g); Perales, 402 U.S. at 401.

The court has reviewed the magistrate judge's report, the objections to the report, the Commissioner's response to the objections, and the administrative record and, in so doing, made a de novo determination of those portions of the report to which St. Clair properly objected. The court finds that the magistrate judge was correct in concluding that there is substantial evidence in

12

the record to support the ALJ's decision. As such, the magistrate judge's report and recommendation will be adopted in its entirety.

An appropriate Order will be entered to that effect.

Entered: September 10, 2015

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge